# REMOVAL TO FEDERAL COURT

## STATE COURT RECORD

STATE OF INDIANA

Marion County Superior Court

49D12-2401-CT-003829

ESTATE OF GLENN PAUL KOEHRING

v.

WAL-MART STORES EAST, LP

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Estate of Glenn Paul Koehring Koehring v. Wal-Mart Stores East, LP

| | |
|---|---|
| Case Number | 49D12-2401-CT-003829 |
| Court | Marion Superior Court 12 |
| Type | CT - Civil Tort |
| Filed | 01/29/2024 |
| Status | 01/29/2024 , Pending (active) |

## Parties to the Case

Defendant Wal-Mart Stores East, LP

Address
334 N. Senate Avenue
c/o Registered Agent: CT Corporation System
Indianapolis, IN 46204

Attorney
Katherine Scott Strawbridge
*#3012349, Lead, Retained*

LEWIS WAGNER LLP
1411 ROOSEVELT AVENUE STE 102
INDIANAPOLIS, IN 46201
317-237-0500(W)

Attorney
Madeline Leigh Richmond
*#3832449, Retained*

1411 Roosevelt Ave
Suite 102
Indianapolis, IN 46201
(317) 500-0061(W)

Plaintiff Koehring, Estate of Glenn Paul Koehring

DOD
12/06/2022

Attorney
John F. Townsend III
*#1960049, Retained*

TOWNSEND & TOWNSEND, LLP
Market Square Center, Ste 770
151 N Delaware St
Indianapolis, IN 46204
317-264-4444(W)

## Chronological Case Summary

01/29/2024 **Case Opened as a New Filing**

01/29/2024 **Subpoena/Summons Filed**

Summons to Defendant Wal-Mart Stores East, LP

Filed By: Koehring, Estate of Glenn Paul Koehring
File Stamp: 01/29/2024

01/29/2024 **Complaint/Equivalent Pleading Filed**

Complaint for Damages

Filed By: Koehring, Estate of Glenn Paul Koehring
File Stamp: 01/29/2024

01/29/2024 **Appearance Filed**

Appearance of John F. Townsend, III

For Party: Koehring, Estate of Glenn Paul Koehring
File Stamp: 01/29/2024

01/30/2024 **Certificate of Issuance of Summons**

Certificate of Issuance of Summons to Defendant

Filed By: Koehring, Estate of Glenn Paul Koehring

File Stamp: 01/30/2024

02/09/2024 **Service Returned Served (E-Filing)**

Notice of Receipt of Summons by Defendant Wal-Mart Stores E LP

Filed By: Koehring, Estate of Glenn Paul Koehring

File Stamp: 02/08/2024

02/28/2024 **Appearance Filed**

Appearance KSS and MLR

For Party: Wal-Mart Stores East, LP

File Stamp: 02/28/2024

02/28/2024 **Jury Trial Demand Filed**

Jury Demand

Filed By: Wal-Mart Stores East, LP

File Stamp: 02/28/2024

02/28/2024 **Answer Filed**

Defendant's Answer and Affirmative Defenses

Filed By: Wal-Mart Stores East, LP

File Stamp: 02/28/2024

## Financial Information

* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Koehring, Estate of Glenn Paul Koehring**

Plaintiff

Balance Due (as of 03/05/2024)

**0.00**

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 232.00 | 0.00 | 232.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 01/29/2024 | Transaction Assessment | 232.00 |
| 01/29/2024 | Electronic Payment | (232.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
)SS:
COUNTY OF MARION ) CAUSE NO.:

ESTATE OF GLENN PAUL KOEHRING, )
Plaintiff )
)
vs. )
)
WAL-MART STORES EAST, LP )
Defendant. )

# SUMMONS

TO DEFENDANT: WAL-MART STORES EAST, LP
c/o Registered Agent: CT Corporation System
334 North Senate Avenue
Indianapolis, Indiana 46204

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the date after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff from the same transaction or occurrence, you must assert it in your written answer.

Dated 1/29/2024 Katherine Sweeney Bell (Seal)
Clerk, Marion County Superior Court

MARION COUNTY COURTS
SEAL
INDIANA

**(The following manner of service of summons is hereby designated.)**

_X_ Registered or certified mail.
____ Service at place of employment, to-wit: ____________________
____ Service on individual — (Personal or copy) at above address.
____ Service on agent. (Specify) ____________________
____ Other service. (Specify) ____________________

John F. Townsend, III 151 North Delaware Street, Suite 770, Indpls., IN 46204
Attorney for Plaintiff Phone: (317) 264-4444

Filed: 1/29/2024 2:36 PM
Clerk
Marion County, Indiana

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
)SS:
COUNTY OF MARION ) CAUSE NO.:

ESTATE OF GLENN PAUL KOEHRING, Plaintiff

vs.

WAL-MART STORES EAST, LP Defendant.

**COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, by counsel, and for its cause of action against the Defendant, alleges:

1. At all times hereinafter mentioned Defendant owned, operated and maintained a retail store located at 7325 North Keystone Avenue in Marion County, Indiana.

2. On or about November 23rd, 2022 Plaintiff's Decedent, Glenn Paul Koehring, was an invitee on Defendant's premises when he slipped and fell due to an accumulation of liquid on the floor of the premises.

3. At said time and place the Defendant was negligent.

4. As a proximate result of the Defendant's negligence Plaintiff's Decedent, Glenn Paul Koehring, sustained injuries resulting in his death and the Estate is entitled to recover damages pursuant to I. C. 34-23-1-1.

WHEREFORE, Plaintiff prays for judgment against the Defendant in an amount which will fully and fairly compensate it for its injuries and damages, for its costs and for all other proper relief.

Respectfully submitted,

TOWNSEND & TOWNSEND, LLP

*/s/ John F. Townsend, III*
John F. Townsend, III - #19600-49
151 North Delaware Street, Suite 770
Indianapolis, Indiana 46204
townsendlawfirm@aol.com
317-264-4444 Phone
317-264-2080 Fax
*Counsel for Plaintiff*

Koehring,Estate.COMPLAINT.113023.wpd

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
)SS:
COUNTY OF MARION ) CAUSE NO.:

ESTATE OF GLENN PAUL KOEHRING, )
)
Plaintiff )
)
vs. )
)
WAL-MART STORES EAST, LP )
)
Defendant. )

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT**

Plaintiff, by counsel, pursuant to Trial Rule 33, submits the following Interrogatories to Defendant and requests that Defendant answer each of the following Interrogatories, in writing, under oath, within thirty (30) days from the date of service hereof:

1. State the full name, business address, job title and business or occupation of each person contributing to the responses to these Interrogatories and the Request for Production served simultaneously herewith.

ANSWER:

2. State the name, address, telephone number and place of employment of each person known to you, your agents, employees or attorneys who witnessed the incident which is the subject

of this lawsuit, or has knowledge pertaining to any of the facts or circumstances surrounding the incident, and as to all individuals listed, state completely and with specificity, the information they possess.

ANSWER:

3. State the name, address, telephone number and place of employment of each person who was in the vicinity of the incident before, at the time of, or within 30 minutes after the incident.

ANSWER:

4. State the name, address, telephone number and place of employment of each person (other than those named in answers to Interrogatories Nos. 2 and 3) known to you, your agents, employees or attorneys who possesses or claims to possess knowledge of any fact or record relevant to this lawsuit, and as to all individuals listed, state completely and with specificity, the information they possess.

ANSWER:

5. Have any persons made any statements, written or otherwise, while being interviewed or questioned by you, your insurance company or in any way on your behalf, in connection with the occurrence herein? If so, for each statement state the name, address, place of employment and relationship to you, if any, of the person who made the statement, date of making the statement, place of making the statement, whether the statement was written or oral and whether the statement was signed or unsigned, the names and addresses of all persons present at the time the statement was made and the employer of each such person, and the name and address of the person having present custody and control of such statement if written or recorded.

ANSWER:

6. As to all individuals listed in Interrogatory No. 5, state completely and with particularity, the content of said conversation(s) and contact. If the Plaintiff is listed above, please attached copy(ies) of all such statement(s).

ANSWER:

7. Do you, your agents, employees, attorneys, or any other person known to you or any of your agents, employees, or attorneys, have knowledge of any photographs or videos which were taken as a result of the incident herein? If so, state the names, addresses, home and business

telephone numbers, job titles or capacities, place of employment, and last known whereabouts of all persons making, taking or giving such photographs or videos, the names, addresses, home and business telephone numbers, and last known whereabouts of all persons having present custody and control of same, how many photographs were taken or obtained, the date and time each photograph was taken or obtained, the location where each photograph was taken or obtained, and the objects and scenes depicted by each photograph.

ANSWER:

8. State the name and address of each person whom you expect to call as an expert witness at trial and as to each such person, state the subject matter on which such person is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each of the expert's opinions.

ANSWER:

9. With regard to each expert disclosed in your answer to Interrogatory No. 8, state whether or not he/she has visited or viewed the scene of the incident or occurrence complained of and, if so, state the date of each such visit to the scene of the incident or occurrence complained of, whether or not photographs, slides, motion pictures or video tapes were taken or made at any such visit, the names, addresses, and titles of all persons present during each such visit, and whether notes or reports were made or prepared during or as a result of any such visit to the scene of the incident

or occurrence complained of.

ANSWER:

10. State whether the party answering these interrogatories or anyone on their behalf has retained the services of a consulting expert. If so, please identify all documents, objects and other tangible items which are or were in the possession of the consulting expert, whether the consulting expert has prepared a report regarding his/her findings and conclusions and the date of any report, the names of any individuals who have reviewed the contents of any report, and the identity of any individuals who have current custody of any report.

ANSWER:

11. As to each expert disclosed in your answer to Interrogatory No. 8, whose work is not yet completed, state the nature of the work remaining to be done and the date on which such further work is expected to be completed.

ANSWER:

12. On the date of the incident alleged in Plaintiff's Complaint, were you insured under any policy of insurance protecting you against liability for claims, damages, or personal injuries,

including those made by the Plaintiff in this case? If so, state the name and address of such company and the policy identification number or symbol of your policy, whether or not such company investigated the incident or any other matter complained of by the Plaintiff in the Complaint, the claim number or other identification symbol assigned to the incident, the name, address and employer of each person who made any investigation related to the incident described in Plaintiff's Complaint or the injuries and damages claimed by Plaintiff, and the limits of liability in the insurance policy.

ANSWER:

13. Do you contend that the Plaintiff's Decedent wholly or partially caused the incident which is the subject of this lawsuit? If so, state all facts and circumstances upon which you base this contention.

ANSWER:

14. Do you contend that any non-parties to this lawsuit caused the incident either wholly or in part? If so, for each non-party state their name, address, and telephone number, and the exact manner in which the non-party caused the incident in whole or in part.

ANSWER:

15. Have you, your agents, or your insurers performed any surveillance on any party to this lawsuit? If so, state the name, address and telephone number of each person or entity performing such surveillance, the exact date and location of all surveillance performed, the person intended to be subjected to the surveillance, and whether any photographs or films were obtained and their location.

ANSWER:

16. For each defense you intend to raise at trial of this lawsuit, state the facts and circumstances you intend to rely upon in support.

ANSWER:

17. For each expert identified in response to Interrogatory No. 8, identify the following: the Court and Cause Number of each lawsuit in which the expert has testified prior to the present lawsuit, the names of the parties to each such lawsuit, and whether said testimony was by deposition or live at trial; the amount and rate of compensation being paid by the Defendant, the Defendant's attorneys, or the Defendant's insurer to the expert for consultation, case review, deposition testimony, trial testimony, and any and all other work performed by the expert on this case or to be potentially performed in the event of trial; and the name and bibliographical citation of every book, periodical

article, professional journal article, and any other published material authored and/or co-authored by the expert.

ANSWER:

18. Did Defendant have any policies and/or procedures in effect on November 23, 2022 pertaining to the maintenance and upkeep of the floor area of the premises which are the subject of this lawsuit? If so, please state each such policy and procedure.

ANSWER:

19. Is Defendant aware of any other alleged incidents where individuals have claimed they slipped and fell at the store which is the subject of this lawsuit during the five (5) year period prior to November 23, 2022? If so, for each such incident state:

a) The name and address of the individual who allegedly slipped and fell;

b) The date of each alleged incident;

c) Whether a personal injury claim or lawsuit resulted from each alleged incident.

ANSWER:

20. If Defendant has objected to wholly or partially responding to any of the Interrogatories and Requests for Production served in this lawsuit, identify each such objection and state the specific Indiana Rules of Trial Procedure, Indiana Rules of Evidence, Indiana Code provision, and Indiana Appellate or Supreme Court decisions which you claim support said objection.

ANSWER:

Respectfully submitted,

TOWNSEND & TOWNSEND, LLP

*/s/ John F. Townsend, III*

John F. Townsend, III #19600-49
151 North Delaware Street, Suite 770
Indianapolis, Indiana 46204
317-264-4444 Phone
317-264-2080 Fax
townsendlawfirm@aol.com
*Counsel for Plaintiff*

Koehring,Estate.INTERROGS.to.Def.113023.wpd

**AFFIRMATION**

I affirm, under penalty of perjury, that the above and foregoing Answers to Interrogatories are true and correct.

__________________________________
Defendant:

__________________________________

Dated: ______________________

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
)SS:
COUNTY OF MARION ) CAUSE NO.:

ESTATE OF GLENN PAUL KOEHRING, )
)
Plaintiff )
)
vs. )
)
WAL-MART STORES EAST, LP )
)
Defendant. )

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**

Plaintiff, by counsel, pursuant to Trial Rule 34, submits the following Request for Production and hereby requests that Defendant produce the following:

1. Copies of any written or recorded statements listed in response to Plaintiff's Interrogatories to Defendant if such statements are not privileged.

RESPONSE:

2. Any and all photographs or videos listed in response to Plaintiff's Interrogatories to Defendant.

RESPONSE:

3. The curriculum vitae of each person you expect to call as an expert witness at trial.

RESPONSE:

4. A certified copy of each declarations page for each insurance policy covering you at the time of the incident.

RESPONSE:

5. Any and all maps, diagrams or drawings of the scene of the incident.

RESPONSE:

6. All of Plaintiff's Decedent's medical records and bills in the possession of you, your attorneys, or your insurance company which have not previously been produced to you by Plaintiff.

RESPONSE:

7. Please provide the entire file, including but not limited to billing records, copies of all written or photographic records, notes, drawings, sketches or other documents used in each expert's evaluation of this matter, or in the alternative, indicate when and where such materials will be made

available for inspection or copying.

RESPONSE:

8. If the Defendant is insured for the alleged incident which is the subject of this lawsuit, then produce a copy of any and all claim files, papers, documents, and communications, whether electronically stored or otherwise kept and/or maintained by Defendant's insurer in the ordinary course of business, pertaining to the incident which is the subject of this lawsuit. (Privileged matters should be re-dacted, yet identified.)

RESPONSE:

9. Any and all incident reports, accident reports or similar memoranda prepared in connection with the incident which is the subject of this lawsuit.

RESPONSE:

10. Any and all of Defendant’s written policies and procedures pertaining to the maintenance and upkeep of the floor area of the premises at issue in this lawsuit which were in effect on November 23, 2022.

RESPONSE:

11. Any and all incident reports, accident reports or similar memoranda prepared in connection with any and all other alleged incidents during the five (5) year period prior to November 23, 2022 where individuals have alleged they slipped and fell at the store which is the subject of this lawsuit due to an accumulation of liquid on the floor.

RESPONSE:

Respectfully submitted,

TOWNSEND & TOWNSEND, LLP

*/s/ John F. Townsend, III*
John F. Townsend, III - #19600-49

TOWNSEND & TOWNSEND, LLP
151 North Delaware Street, Suite 770
Indianapolis, IN 46204
(317) 264-4444 Phone
(317) 264-2080 Fax
townsendlawfirm@aol.com
*Counsel for Plaintiff*
Koehring,Estate.RFP.to.Def.113023.wpd

49D12-2401-CT-003829
Marion Superior Court 12
Filed: 1/29/2024 2:36 PM
Clerk
Marion County, Indiana

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
)SS:
COUNTY OF MARION ) CAUSE NO.:

ESTATE OF GLENN PAUL KOEHRING, )
Plaintiff )
vs. )
WAL-MART STORES EAST, LP )
Defendant. )

# APPEARANCE

**Initiating party**

1. Estate of Glenn Paul Koehring
Name of first initiating party

2. ______________________
Telephone of *pro se* initiating party

3. Attorney information (as applicable for service of process):

Name: John F. Townsend, III
Address: TOWNSEND & TOWNSEND, LLP
151 N. Delaware Street, Suite 770
Indianapolis, IN 46204
(Counsel for Estate

Atty Number: 19600-49
Phone: (317) 264-4444
Fax: (317) 264-2080
Email: townsendlawfirm@aol.com

4. Case Type requested: CT
*[See Administrative Rule 8(b)(3)]*

5. Will accept FAX service: Yes __ No X

6. Social Security numbers of all family members in proceedings involving support issues.

7. Are there related cases? Yes ____ No X If yes, list case number below:

8. Additional information required by state or local rule: ______________________
______________________________________________

**Authority:** ***Pursuant to Trial Rule 3.1(A), this form shall be filed at the time an action is commended. In emergencies, the requested information shall be supplied when it becomes available. Parties shall advise the court of a change in information previously provided to the court. This format is approved by the Division of State Court Administration.***

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: 49D12-2401-CT-003829 |

ESTATE OF GLENN PAUL KOEHRING, )
)
Plaintiff )
)
vs. )
)
WAL-MART STORES EAST, LP )
)
Defendant. )

**CERTIFICATE OF ISSUANCE OF SUMMONS TO DEFENDANT**

Pursuant to *Indiana Trial Rule 86(G)(2)(c ),* I hereby affirm that I have initiated services of the following documents on the following party as indicated below:

Documents: **Summons, Complaint for Damages, Appearance, Interrogatories to Defendant, and Request for Production to Defendant.**

Party Served: Wal-Mart Stores East, LP
CT Corporation, Registered Agent
334 N. Senate Avenue
Indianapolis, Indiana 46204-1708

Service Method: **Certified Mail, Return Receipt Requested**
Tracking Number: 9414 7112 0620 4515 4385 59
Dated Mailed: January 30, 2024

Respectfully submitted,

TOWNSEND & TOWNSEND, LLP

*/s/ John F. Townsend, III*
John F. Townsend, III - #19600-49
*Counsel for Plaintiff*

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
)SS:
COUNTY OF MARION ) CAUSE NO.: 49D12-2401-CT-003829

ESTATE OF GLENN PAUL KOEHRING, Plaintiff

vs.

WAL-MART STORES EAST, LP, Defendant.

**NOTICE OF RECEIPT OF SUMMONS BY DEFENDANT**

Pursuant to *Indiana Trial Rule 86(G)(2)(c ),* I hereby affirm that I have initiated services of the following documents on the following party as indicated below:

Documents: **Summons, Complaint for Damages, Appearance, Interrogatories to Defendant, and Request for Production to Defendant.**

Party Served: Wal-Mart Stores East, LP
CT Corporation, Registered Agent
334 N. Senate Avenue
Indianapolis, Indiana 46204-1708

Service Method: **Certified Mail, Return Receipt Requested**
Tracking Number: 9414 7112 0620 4515 4385 59
Dated Mailed: January 30, 2024
Return Receipt: 9490 9112 0620 4515 4385 60
Date Received: February 5, 2024

Respectfully submitted,

TOWNSEND & TOWNSEND, LLP

*/s/ John F. Townsend, III*
John F. Townsend, III - #19600-49
*Counsel for Plaintiff*

Koehring,NOROS.by.Def.WalMart.020824.wpd

Filed: 2/28/2024 10:59 AM
Clerk
Marion County, Indiana

IN THE MARION COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| ESTATE OF GLENN PAUL KOEHRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 49D12-2401-CT-003829 |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE**

**Party Classification:** Initiating ___ Responding _X_ Intervening ____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

**WAL-MART STORES EAST, LP**

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

**Katherine S. Strawbridge** **Attorney No. 30123-49**
**Madeline L. Richmond** **Attorney No. 38324-49**
LEWIS WAGNER, LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
Phone: (317) 237-0500
Fax: (317) 630-2790
kstrawbridge@lewiswagner.com
mrichmond@lewiswagner.com

**IMPORTANT**: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. There are other party members: Yes ____ No _X_ (If yes, list on continuation page.)

4. *If first initiating party filing this case,* the Clerk is requested to assign the case the following Case Type under Administrative Rule 8(b)(3): __N/A__

5. This case involves support issues. Yes ____ No _X_ (If yes, supply social security numbers for all family members on continuation page.)

6. There are related cases. Yes ____ No _X_ *(If yes, list* on continuation page.)

7. This form has been served on all other parties. Certificate of Service is attached.
Yes ____ No __X__

8. Additional information required by local rule:____________________________

**LEWIS WAGNER, LLP**

By: */s/ Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49
MADELINE L. RICHMOND #38324-49
***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2024, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

John F. Townsend, III
TOWNSEND & TOWNSEND, LLP
151 North Delaware Street, Suite 770
Indianapolis, IN 46204
townsendlawfirm@aol.com
***Counsel for Plaintiff***

By: /s/ *Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE

LEWIS WAGNER, LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
Telephone: 317-237-0500
Facsimile: 317-630-2790
kstrawbridge@lewiswagner.com
mrichmond@lewiswagner.com

Filed: 2/28/2024 10:59 AM
Clerk
Marion County, Indiana

IN THE MARION COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| ESTATE OF GLENN PAUL KOEHRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 49D12-2401-CT-003829 |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**JURY DEMAND**

Defendant, WAL-MART STORES EAST, LP, by counsel, pursuant to Trial Rule 38(B) of the Indiana Rules of Trial Procedure, respectfully requests that this cause of action be tried by a jury.

**LEWIS WAGNER, LLP**

By: */s/ Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49
MADELINE L. RICHMOND #38324-49
***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2024, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

John F. Townsend, III
TOWNSEND & TOWNSEND, LLP
151 North Delaware Street, Suite 770
Indianapolis, IN 46204
townsendlawfirm@aol.com
***Counsel for Plaintiff***

By: /s/ *Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE

LEWIS WAGNER, LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
Telephone: 317-237-0500
Facsimile: 317-630-2790
kstrawbridge@lewiswagner.com
mrichmond@lewiswagner.com

Filed: 2/28/2024 10:59 AM
Clerk
Marion County, Indiana

IN THE MARION COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| ESTATE OF GLENN PAUL KOEHRING, Plaintiff, | ) | CAUSE NO.: 49D12-2401-CT-003829 |
| v. | ) | |
| WAL-MART STORES EAST, LP, Defendant. | ) | |

**ANSWER**

Defendant, WAL-MART STORES EAST, LP, by counsel, and in response to Plaintiff's Complaint for Damages, alleges and states as follows:

1. At all times hereinafter mentioned Defendant owned, operated and maintained a retail store located at 7325 North Keystone Avenue in Marion County, Indiana.

   **ANSWER:** Defendant admits that it was the operating entity of the business commonly referred to as the "Walmart Supercenter" located at 7325 North Keystone Avenue in Marion County, Indiana, and denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint for Damages.

2. On or about November 23rd, 2022 Plaintiff's Decedent, Glenn Paul Koehring, was an invitee on Defendant's premises when he slipped and fell due to an accumulation of liquid on the floor of the premises.

   **ANSWER:** Defendant is without sufficient information to either admit or deny the factual allegations contained in paragraph 2 of Plaintiff's Complaint for Damages.

3. At said time and place the Defendant was negligent.

**ANSWER:** Deny.

4. As a proximate result of the Defendant's negligence Plaintiff's Decedent, Glenn Paul Koehring, sustained injuries resulting in his death and the Estate is entitled to recover damages pursuant to I. C. 34-23-1-1.

**ANSWER:** Deny.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, by counsel, prays that Plaintiff take nothing by way of his Complaint, for the costs of the action, and all other just and proper relief.

**LEWIS WAGNER, LLP**

By: */s/ Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49
MADELINE L. RICHMOND #38324-49
***Counsel for Defendant***

**AFFIRMATIVE DEFENSES**

Defendant, WAL-MART STORES EAST, LP, by counsel, and in response to Plaintiff's Complaint for Damages, alleges and states the following affirmative defenses:

1. Plaintiff's claim should be barred or reduced as a result of his own comparative fault, including but not limited to failure to mitigate any incurred risk.
2. Plaintiff has failed to mitigate his damages, including any failure to submit charged medical expenses to Medicare, Medicaid, a worker's compensation carrier, or a private health insurer capable of satisfying the charged expenses for a reduced amount.
3. For further response to Plaintiff's Complaint, Defendant specifically reserves the right to introduce into evidence proof of collateral source payments received by or on behalf of the Plaintiff pursuant to the applicable provisions of I.C. 34-44-1-1, et seq., in the event it is subsequently determined that such payments were made and are an appropriate matter for consideration by the jury.
4. Plaintiff incurred or assumed the risk of his alleged injuries and damages and the claims of Plaintiff should be barred or reduced proportionately.
5. Some or all of Plaintiff's alleged personal injuries may have been pre-existing or caused by another accident or traumatic event.
6. Some or all of Plaintiff's medical expenses may have been reduced by write-offs, set-offs, and/or adjustments in accordance with *Stanley v. Walker* and/or *Patchett v. Lee*.
7. Plaintiff may have been fully or partially compensated for his injuries and/or damages by third parties.
8. Defendant lacked actual or constructive notice of any alleged hazard on the premises.
9. Any alleged hazard was open and obvious.

10. Plaintiff's Complaint fails to state a claim upon which relief can be granted.
11. Defendant hereby reserves the right to assert any additional affirmative defenses, as they may become known through the course of discovery.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, by counsel, prays that Plaintiff take nothing by way of his Complaint, for the costs of the action, and all other just and proper relief.

**LEWIS WAGNER, LLP**

By: */s/ Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49
MADELINE L. RICHMOND #38324-49
***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2024, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

John F. Townsend, III
TOWNSEND & TOWNSEND, LLP
151 North Delaware Street, Suite 770
Indianapolis, IN 46204
townsendlawfirm@aol.com
***Counsel for Plaintiff***

By: /s/ *Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE

LEWIS WAGNER, LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
Telephone: 317-237-0500
Facsimile: 317-630-2790
kstrawbridge@lewiswagner.com
mrichmond@lewiswagner.com